IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSHUA DAVID MARTINEZ, | § | |
|     TDCJ-CID #1076379 | § | |
| v. | § | C.A. NO. C-08-197 |
| | § | |
| R. MENCHACA, ET AL. | § | |

## ORDER

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for leave to depose an inmate by written questions. (D.E. 58). Specifically, he seeks to depose inmate William Mack Johnson. Id. at 1. Pending are plaintiff's motions for leave to depose by written questions numerous prison officials. (D.E. 59, 60). Pending is plaintiff's motion to compel. (D.E. 61). Specifically, he seeks to compel the production of documents requested in his second request for production. Id. at 1. Finally, pending is plaintiff's motion to compel. (D.E. 63). Specifically, he seeks to compel the responses to his first set of interrogatories. Id. at 1. Defendants have filed an opposition to plaintiff's various motions. (D.E. 71).

## I. PROCEDURAL HISTORY

Plaintiff is an inmate in the custody of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"). At all relevant times, he was incarcerated in administrative segregation at the McConnell Unit in Beeville, Texas. Following a Spears[1] hearing, plaintiff's claim against Officer Menchaca for depriving him of his property was retained. See Martinez v. Menchaca, No. C-08-197, 2008 WL 2944565, at *3-4 (S.D. Tex. July 23, 2008). Additionally, plaintiff's claim against Director Nathaniel Quarterman for

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

implementing unconstitutional policies was retained.  See id. at *5-6.

On October 9, 2008, defendants sought a protective order based on their assertion of qualified immunity.  (D.E. 45).  Defendants were granted a protective order.  See Martinez v. Menchaca, No. C-08-197, 2008 WL 4646887 (S.D. Tex. Oct. 20, 2008).

## II.  DISCUSSION

**1.     Plaintiff's Motion For Leave To Depose An Inmate By Written Questions.**

Anyone seeking to depose an inmate must seek leave of the court.  Fed. R. Civ. P. 31(a)(1)(B).  Specifically, plaintiff seeks to ask 32 questions focusing on the inmate's experience when his property was allegedly stolen.  (D.E. 58, at 3-4).

Defendants argue that this deposition is not relevant because it does not address qualified immunity.  They further assert that "[n]one of the deposition questions relate to the incident that forms the basis of this lawsuit."  (D.E. 71, at 3).  Thus, the issue is "'whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right.'"  Mace v. City of Palestine, 333 F.3d 621, 623 (5th Cir. 2003) (quoting Price v. Roark, 256 F.3d 364, 369 (5th Cir. 2001)); accord Saucier v. Katz, 533 U.S. 194, 201 (2001).  If a constitutional violation is alleged, the Court must next determine "whether the right was clearly established–that is whether 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'"  Mace, 333 F.3d at 624 (quoting Price, 256 F.3d at 369).  Without having the deponent's response, it is difficult to determine the relevancy, but arguably the questions may lead to responses that would provide plaintiff with support for his claims.

Next, defendants claim that this written deposition is cumulative and duplicative.  (D.E.

71, at 3). They have the burden of establishing that this deposition is burdensome. See Anderson v. Dillards, Inc., 251 F.R.D. 307, 310 (W.D. Tenn. 2008). Their main argument that this deposition would be cumulative is that plaintiff has already been granted leave to depose another inmate by written questions. The two depositions address similar issues with some overlap, but that does not establish they are duplicative. See Walden v. Sears, Roebuck, & Co., 654 F.2d 443, 447 (5th Cir. Unit A 1981). In this action, the other inmate has not even provided his response to the deposition questions because he is "currently unavailable as he is under crisis management at the Skyview Psychiatric Unit." (D.E. 71, at 2). Thus, even if a second deposition would be sufficient to meet defendants' burden that the depositions are cumulative, it is unclear whether the first deponent will be able to answer the questions.

Defendants have failed to establish that the deposition of William Mack Johnson is burdensome. Accordingly, plaintiff's motion for leave to depose an inmate by written questions, (D.E. 58), is GRANTED.

**2.     Plaintiff's Motion For Leave To Depose Prison Officials By Written Questions.**

Regarding his motion for leave to depose by written questions numerous prison officials, defendants assert that two of the individuals have already been deposed by written questions: Lori Wilford and Amiee Garcia. (D.E. 71, at 3). Defendants assert that these two depositions have been mailed to plaintiff.

Defendants argue that the other remaining depositions are cumulative and excessive. Id. at 4. First, they argue that Rule 31(a)(1)(A)(I) of the Federal Rules of Civil Procedure permits each party ten depositions. Id. There is no Rule 31(a)(1)(A)(I). It appears defendants are referring to Rule 31(a)(2)(A)(i). However, that Rule simply requires leave of the court where a

"deposition would result in more than 10 depositions being taken under this rule or Rule 30." Fed. R. Civ. P. 31(a)(1)(A)(I). Clearly, plaintiff has complied with this Rule as he is seeking leave.

Second, defendants argue that plaintiff's request to depose almost twenty prison officials with the same 56 questions is cumulative, especially given that much of the information he is seeking is available in policy documents already provided to plaintiff. (D.E. 71, at 4). Courts are to limit relevant discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 31(b)(2)(C)(i). Here, defendants have already provided two depositions of the individuals plaintiff seeks to depose. Moreover, they have provided plaintiff Administrative Directive 03.72 and intend to provide him with the Disciplinary Action Guidelines for Employees (known at the PD-22 manual). These two documents address many of plaintiff's questions.

The request to depose about twenty more individuals regarding this avenue of discovery is both cumulative and duplicative as well as burdensome on defendants. Accordingly, plaintiff's motions for leave to depose by written questions numerous prison officials, (D.E. 59, 60), are DENIED without prejudice.

**3.    Plaintiff's Motion To Compel Production Of Documents.**

In his motion to compel the production of documents, plaintiff seeks eighteen different documents. (D.E. 61, 62). Defendants indicate that they are in the process of providing plaintiff documents from his second set of requests for production of documents consistent with the protective order. (D.E. 71, at 4). Unfortunately, they do not indicate which documents they

were providing. As they acknowledge, there are some that are relevant to discovery regarding their qualified immunity defense. Accordingly, plaintiff's motion to compel the responses to his first set of interrogatories, (D.E. 61), is GRANTED in part and DENIED in part. Defendants will not be required to produce documents numbers 5, 8, 10, 12, 13, 14, 15, and 16.

**4.     Plaintiff's Motion To Compel Interrogatory Responses.**

Defendants object to having to respond to plaintiff's first set of interrogatories because "they do not go to show whether Defendant Quarterman [sic] actions were objectively reasonable, or whether Defendant Quarterman had any personal involvement in promulgating a potentially unconstitutional policy." (D.E. 71, at 4). However, plaintiff's first set of interrogatories concern defendant Menchaca. (D.E. 64). On their face, these interrogatories generally address matters regarding whether Officer Menchaca is entitled to qualified immunity. Plaintiff asks two questions about an alleged use of force that seemingly are not relevant for purposes of a claim regarding deprivation of property. Accordingly, plaintiff's motion to compel the responses to his first set of interrogatories, (D.E. 63), is GRANTED in part and DENIED in part. Defendants will not be required to answer question number 14 and question number 15.

### III.  CONCLUSION

Plaintiff's motion for leave to depose an inmate by written questions, (D.E. 58), is GRANTED. Plaintiff's motions for leave to depose by written questions numerous prison officials, (D.E. 59, 60), are DENIED without prejudice. Plaintiff's motion to compel the responses to his first set of interrogatories, (D.E. 61), is GRANTED in part and DENIED in part. Defendants will not be required to produce document numbers 5, 8, 10, 12, 13, 14, 15, and 16. Plaintiff's motion to compel the responses to his first set of interrogatories, (D.E. 63), is

GRANTED in part and DENIED in part.  Defendants will not be required to answer question number 14 and question number 15.   Defendants will provide these to plaintiff no later than Monday, December 15, 2008.

    ORDERED this 24th day of November 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE