IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSHUA DAVID MARTINEZ | § | |
|    TDCJ-CID # 1076379 | § | |
| v. | § | C.A. NO. C-08-197 |
| | § | |
| R. MENCHACA, ET AL. | § | |

## ORDER REGARDING PLAINTIFF'S MOTION TO AMEND COMPLAINT

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for leave to file a second amended complaint. (D.E. 76). For the reasons stated herein, plaintiff's motion is hereby GRANTED in part and DENIED in part.

### I. BACKGROUND

Plaintiff is an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). At all times relevant to the facts of this lawsuit, plaintiff was incarcerated at the McConnell Unit. He filed suit on June 18, 2008, naming as defendants Officer R. Menchaca, and TDCJ Executive Director Brad Livingston. (D.E. 1, at 7). He claimed that Officer Menchaca wrongfully confiscated a typewriter from him in violation of TDCJ policies and his due process rights. Id. at 6. He also alleged that Director Livingston was responsible for TDCJ Administrative Directive 3.72, which he argues is constitutionally inadequate because it provides offenders with no means to prove deprivation of property. Id. at 7; (D.E. 18, at 2-3).

On July 2, 2008, plaintiff filed his first motion for leave to file an amended complaint. (D.E. 11). He asked the Court to identify the director of the TDCJ-CID so that he could add the director as a defendant. Id. at 1. He also sought to plead more specific facts concerning the constitutionality of A.D. 3.72. Id. at 4-8. On July 3, 2008, his motion was granted. (D.E. 14).

On July 23, 2008, following a Spears hearing,[1] the Court issued an order dismissing plaintiff's claims against Officer Menchaca in his official capacity, but retaining those claims against Officer Menchaca in his personal capacity. (D.E. 23, at 8). The Court also dismissed Director Livingston as a defendant in the suit and substituted TDCJ-CID Director Nathaniel Quarterman in his place, finding that Director Quarterman is the official authorized to promulgate official policies relating to inmate property. Id. at 9.

Plaintiff filed the instant motion on December 3, 2008, seeking to amend the complaint to add Deputy Executive Director Ed Owens and Lieutenant Thompson as defendants. (D.E. 76, at 1). He asserts that Director Owens signed the policy that plaintiff alleges is unconstitutional, and that Lieutenant Thompson deliberately acted to deprive him of his property. Id. at 6.

## II. ANALYSIS

A.   **Standard Of Review For Leave To Amend Complaint.**

A plaintiff is allowed one amendment before any responsive pleading is filed; subsequent amendments are permitted only with leave of the court. Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (Former 5th Cir. Nov. 1981). Pursuant to Rule 15 of the Federal Rules of Civil Procedure, such leave must "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Determining when justice requires permission to amend rests within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citation omitted); Nilsen v. City of Moss Point, 621 F.2d 117, 122 (5th Cir. 1980) (citations omitted). In exercising its discretion in considering a motion to amend a complaint, a "court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

to the opposing party by virtue of allowing the amendment." Daves v. Payless Cashways, Inc., 661 F.2d 1022, 1024 (Former 5th Cir. Unit A Nov. 1981) (citations omitted).

**B.      Plaintiff Should Be Allowed To Add Director Owens As A Defendant.**

Plaintiff seeks to amend the complaint to substitute Director Owens as a defendant in place of Director Quarterman, asserting that Director Owens signed Administrative Directive 3.72, which he asserts is a constitutionally inadequate policy. (D.E. 76, at 3). Supervisors are generally not responsible under a theory of respondeat superior for the acts or omissions of their subordinates for purposes of liability pursuant to § 1983. Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002). However, supervisors may face liability for their own acts and omissions. Id. at 742 n.6 (citation omitted). This liability includes injuries caused by unconstitutional policies for which they are responsible. Burge v. St. Tammany Parish, 336 F.3d 363, 369 (5th Cir. 2003). Thus, plaintiff may seek relief based on an allegation of an unconstitutional policy.

A review of the record indicates that Director Owens was in fact the official who signed Administrative Directive 3.72. See (D.E. 56, at 26-50) (signed copy of Administrative Directive 3.72). Moreover, he signed the directive pursuant to authority granted by Tex. Gov't Code § 493.006(b). Id. at 26. This section provides that "the executive director is responsible for the administration and enforcement of all laws relating to the department including rules implemented by the department but may delegate those responsibilities as permitted by board rule or general law." Tex. Gov't Code § 493.006(b) (emphasis added). As defendant Quarterman, rather than Director Owens, is the executive director of TDCJ-CID, it appears that Director Owens signed Administrative Directive 3.72 pursuant to a lawful delegation of authority by defendant Quarterman. Thus, based on plaintiff's allegations, Director Owens is

personally responsible for promulgating Administrative 3.72, which he claims is an unconstitutional policy.  The proposed amendment therefore is not futile, as plaintiff may state a claim against Director Owens based on his personal responsibility for promulgating an unconstitutional policy.  See Burge, 336 F.3d at 369.

Leave to amend may also be denied where it is the result of undue delay or would cause undue prejudice to the defendant.  See Daves, 661 F.2d at 1024.  Here, plaintiff seeks to amend his complaint almost six months after his original complaint was filed, and after he has already filed a motion for summary judgment.  See (D.E. 1); (D.E. 67).  However, neither of these factors alone is dispositive.  See Dussouy, 660 F.2d at 598 ("[M]ere passage of time need not result in refusal of leave to amend.... Amendment can be appropriate as late as trial or even after trial.").  "[I]t is only undue delay that forecloses amendment."  Id.  Here, the plaintiff seeks to amend his complaint because he has learned that Director Owens is the proper party to the suit.  (D.E. 76, at 1).  He learned this information through discovery; defendants state that Administrative Directive 3.72 was made available to plaintiff in their initial disclosures.  (D.E. 71, at 4).  Plaintiff's supplement to his original complaint, to which Administrative Directive 3.72 is attached, was filed shortly after defendants gave notice of initial disclosure.  (D.E. 46); (D.E. 56).  From plaintiff's supplement, it can be inferred that he knew that Director Owens signed the Administrative Directive as of October 31, 2008.  (D.E. 56).  That plaintiff waited over a month to request leave to amend his complaint is certainly a delay, but it is not necessarily undue delay, particularly in light of the numerous discovery requests and motions ongoing in this case.

Moreover, "[a] court may weigh in the movant's favor any prejudice that will arise from the denial of leave to amend." Dussouy, 660 F.2d at 598 (citations omitted). Here, the plaintiff seeks to amend his complaint to name a proper defendant. He asserts that Director Owens is the official personally responsible for promulgating what he alleges to be an unconstitutional policy based on a delegation by defendant Quarterman. Thus, if leave to amend is not granted, plaintiff's claim that the directive is unconstitutional may be dismissed from the case. While he could probably bring this claim in a separate action, "[f]ull consideration of the interests of the litigants and of the goal of efficient resolution of disputes ... requires that [plaintiff] be granted an opportunity to have his claim heard on the merits without bringing a separate action." Id. at 600. Furthermore, as the defendants have had Administrative Directive 3.72 in their possession for at least as long as the plaintiff has had it in his, it cannot reasonably be said that they were unaware of Director Owens' connection to this case and will be unduly prejudiced or surprised by this amendment. Accordingly, plaintiff's motion for leave to amend his complaint to add Deputy Executive Director Owens as a defendant is GRANTED.

**C.    Allowing Plaintiff To Add Lieutenant Thompson As A Defendant Would Be Unduly Prejudicial.**

Plaintiff further seeks to amend the complaint by adding Lieutenant Thompson as a defendant, asserting that she deliberately deprived him of his property. (D.E. 76, at 6). Specifically, he complains that following an incident involving a fire in the pipe chase of his cell, he was moved to a new cell, without his personal property accompanying him. Id. at 8. When he observed that other offenders whose cell assignments had also been changed due to the fire had their property returned, while he remained without his personal property, he inquired of Lieutenant Thompson why his property had not been returned to him. Id. She replied that he

could not have his property because he was on property restriction.  Id.  He further alleges that he was never notified that he had been placed on property restriction, and was not given an inventory sheet or any confiscation papers specifying what property had been taken from him and why.  Id.

The Fourteenth Amendment of the Constitution provides that no one shall be deprived of property without due process of law.  U.S. Const. Amend. XIV, § 1.  However, negligent loss or destruction of property does not violate an offender's due process rights.  Daniels v. Williams, 474 U.S. 327, 328 (1986).  Furthermore, even an intentional deprivation of property does not violate the Constitution if it is unauthorized and the State provides an adequate post-deprivation remedy.  Hudson v. Palmer, 468 U.S. 517, 534-35 (1984); Parratt v. Taylor, 451 U.S. 527, 543 (1981).  However, the Parratt/Hudson doctrine applies only when the conduct is "unauthorized in the sense that it was not within the officials' express or implied authority."  Stotter v. Univ. of Tex. at San Antonio, 508 F.3d 812, 822 (5th Cir. 2007) (citation omitted).

Regardless of whether the allegations against Lieutenant Thompson properly assert a constitutional violation, his claim against Lieutenant Thompson is based on an entirely different incident from his complaint against Officer Menchaca.  Until the pending motion to amend, plaintiff has not even mentioned a deprivation of property following a fire in a pipe chase.  See generally (D.E. 1); (D.E. 23).  Moreover, he has neglected to mention this deprivation despite the fact that it took place prior to the deprivation already complained of, and, therefore, presumably, he has been aware of this claim all along.  Compare (D.E. 1, at 7) with (D.E. 76, at 6).  To allow plaintiff to amend his complaint to add Lieutenant Thompson would cause unnecessary delay in this case.  Moreover, he could have avoided this delay by due diligence, as he could have raised

this claim in his original complaint or at least sought to amend at an earlier time.  See Parish v. Frazier, 195 F.3d 761, 763 (5th Cir. 1999) (per curiam) (finding no abuse of discretion where district court denied leave to amend after a similar delay).  He is under no prejudice in pursuing his deprivation of property claim against Lieutenant Thompson in a separate lawsuit, and defendants would be prejudiced if Lieutenant Thompson was joined at this time, because his claim against her "expand[s] the allegations beyond the scope of the initial complaint."  Id. (citation omitted).  Accordingly, plaintiff's motion for leave to amend his complaint to add Lieutenant Thompson as a defendant is DENIED.

### III.  CONCLUSION

For the reasons stated herein, plaintiff's motion for leave to file a second amended complaint, (D.E. 76), is GRANTED in part and DENIED in part.

ORDERED this 15th day of December 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE