IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSHUA DAVID MARTINEZ　　TDCJ-CID # 1076379 | §§§ | |
| v. | § | C.A. NO. C-08-197 |
| R. MENCHACA, ET AL. | §§ | |

### ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for sanctions against defendants for failure to comply with Court orders regarding discovery. (D.E. 83).

Specifically, plaintiff asserts that defendants have failed to comply with the Court's order entered November 24, 2008, which required that defendants provide responses to requests for production of documents and answers to interrogatories identified in the order no later than Monday, December 15, 2008. (D.E. 72). He also claims that defendants have failed to comply with another order entered on the same day requiring them to respond to his motion to compel regarding his second request for production of documents no later than December 8, 2008. (D.E. 73).

Plaintiff appears to be requesting sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, given that he requests that defendants be "assess[ed] a reasonable fee" for their actions. (D.E. 83, at 1). Rule 37 provides that, among other things, a party may be sanctioned for failure to cooperate in discovery by being required to pay "the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The

imposition of sanctions for failure to cooperate in discovery is in the sound discretion of the district court. See Tollett v. City of Kemah, 285 F.3d 357, 363 (5th Cir. 2002).

Here, defendants have not failed to cooperate in discovery as ordered. With respect to the first order to which plaintiff refers, (D.E. 72), defendants were required to provide responses to request for production and interrogatories by December 15, 2008. On December 12, 2008, they filed a motion requesting additional time to comply with the Court's order. (D.E. 77). Defendants' motion was granted, and the Court entered an order extending the time to respond until December 22, 2008, to complete the deposition on written questions of William Mack Johnson and complete interrogatories, and until January 5, 2009 to produce the documents plaintiff requested. (D.E. 80). Plaintiff filed this motion no later than December 22, 2008. (D.E. 83). Plaintiff therefore cannot have given the defendants a reasonable amount of time to comply with the Court's order before filing his motion.[1] He provides no reason to believe that defendants have unduly delayed in complying with the Court's orders, and thus he fails to state a basis for imposing sanctions.

Moreover, defendants have filed a response indicating that they completed the deposition by written questions of Mr. Johnson on December 19, 2008, three days before the deadline set in the Court's order.[2] (D.E. 93). They indicate that they are also in possession of most of the documents requested by plaintiff, and expect to be in a position to respond to his request on December 31, 2008, five days before the deadline set in the Court's order to respond to

---

[1] Indeed, plaintiff's motion indicates that it was prepared on December 17, 2008, five days before any of the discovery requested was due. (D.E. 83, at 1).

[2] Defendants in fact filed Mr. Johnson's answers with the Court on December 29, 2008. (D.E. 90).

plaintiff's first request for production of documents.  Id.  Therefore, defendants have indicated that they have responded to or will respond to all of plaintiff's requests in a timely fashion. There is no reason to impose sanctions in this case.

Plaintiff seeks to impose sanctions on defendants for failure to respond to his motion to compel production of documents.  Id. at 1.  On November 24, 2008, the Court ordered defendants to respond to plaintiff's motion to compel no later than December 8, 2008.  (D.E. 73). This order set a deadline for responding to plaintiff's motion to compel; it is not a discovery order.  Therefore, his request for sanctions is inappropriate with respect to this order.  Moreover, the Court granted plaintiff's motion to compel on December 16, 2008, and ordered that defendants produce the requested material no later than January 5, 2009.  (D.E. 82).  Insofar as plaintiff may be moving for sanctions against defendants for failure to comply with that order, his request is premature.

Accordingly, plaintiff's motion for sanctions, (D.E. 83), is DENIED.

ORDERED this 5th day of January 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

3