IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JOSHUA DAVID MARTINEZ          §
                               §
v.                             §                    C.A. NO. C-08-197
                               §
R. MENCHACA, ET AL.            §

## ORDER

      This is a civil rights action brought by an inmate pursuant to 42 U.S.C. § 1983.  Pending is plaintiff's motion seeking a written order.  (D.E. 167).  Specifically, he seeks leave to be present for the deposition by written questions of Officer Belinda J. Fernandez.  Id. at 1.

      On March 19, 2009, plaintiff filed a motion to depose Officer Fernandez by written questions.  (D.E. 154).  Unless the parties stipulate, an officer must conduct the deposition.  (D.E. 156).  The Texas Attorney General filed an amicus curiae brief indicating its opposition to the appointment of the law librarian as the officer to administer the deposition.  (D.E. 157).[1]  If the parties cannot agree that the deposition is admissible, then an officer will become necessary pursuant to Rule 28 of the Federal Rules of Civil Procedure.

      In the pending motion, plaintiff seeks to be present for Officer Fernandez' deposition.  He does not provide any support for this request.  He specifically chose to depose her by written questions.  Plaintiff raises concerns about Officer Fernandez being influenced in her responses.  However, he does not provide any support for the notion that something improper will occur.  Nothing in the Rule regarding depositions by written questions provides litigants with the right to be present during the deposition.  See Fed. R. Civ. P. 31.  Indeed, the Rule has positive and

---

[1] Interestingly, the amicus brief was filed by defense counsel.  Moreover, the argument is largely based on Texas state law as opposed to precedents from the Supreme Court or the Fifth Circuit.

negative aspects.  <u>See</u> Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure §§ 2131-33 (2d ed. 1994).  If plaintiff wants to be present, he can depose the witness pursuant to Rule 30, but will be obligated to pay for the costs of the court reporter and the transcription.  Even if Officer Fernandez is deposed orally, there are no guarantees that plaintiff will be allowed to be present.  It would depend on a myriad of factors, including security concerns.

Accordingly, plaintiff's motion seeking a written order to be present for the deposition by written questions of Officer Fernandez, (D.E. 167), is DENIED.

ORDERED this 9th day of April 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE